WILLIAM SLEZAK V. STATE OF NEBRASKA.

FILED MAY 15, 1928. No. 26292.

*Waring & Waring,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON, and HOWELL, JJ., and CLEMENTS and REDICK, District Judges.

REDICK, District Judge.

Plaintiff in error, defendant below, was convicted of an assault with intent to commit a rape upon a child of nine years of age, and sentenced to the reformatory for male persons at Lincoln for a period of seven years. Defendant brings the record here for review.

The errors necessary to be considered and relied upon by

defendant for reversal are: (1) That the evidence is insufficient to support the verdict; (2) that the court erred in refusing to allow defendant to show by nonexperts the facts and circumstances which led them to think that the state's principal witness was intoxicated; (3) that the sentence of the court is excessive.

We have examined the record with care, and while the evidence is of such a character that a verdict of not guilty by the jury might not have been reasonably subject to severe legal criticism, we are of the opinion that the evidence presented a case for the determination of the jury, is sufficient to support the verdict, and that defendant was afforded a fair and impartial trial. We do not, therefore, feel justified in disturbing the verdict on this ground.

The defendant offered to show that the mother of the complaining witness, at the time of the occurrence of the facts to which she testified, was intoxicated. This evidence was first ruled out by the trial judge, but afterwards, upon the statement in open court that such ruling was erroneous, the court permitted defendant's witnesses to testify that in their opinion the witness was drunk. In some instances, after the witnesses had stated that in their opinion the mother of complaining witness was drunk, the court refused to permit the witnesses to state the facts upon which their conclusion was based; in other instances such facts were permitted to be given. Under these circumstances we are unable to perceive any prejudicial error to the defendant. He had the benefit of the principal fact, if the jury believed that it had any bearing upon the credibility of the witness.

We have considered numerous other assignments of error regarding the admission and rejection of evidence by the trial court, but discover no prejudicial error therein.

We have concluded, however, that the sentence imposed upon defendant is excessive. The defendant is a young man just beyond the age of eighteen at the time of the offense, and so far as the record shows was industrious and of good character, the present being the only charge of a criminal nature ever brought against him. And while that

charge is one of the most heinous known to the statute and moral law and admits of no excuse, still the youth of the defendant and the extent of injury to the prosecuting witness are matters to be taken into consideration in determining the penalty. We are not disposed to minimize in the slightest degree the possible moral effect upon a female child of such an experience as that to which she was subjected by defendant's criminal act. She was, of course, greatly frightened and shocked, but received no physical injury of any kind. We conclude that a sentence of three years will meet the requirements of justice.

The judgment of the district court is modified, and sentence reduced to three years at hard labor, and affirmed as modified.

AFFIRMED; SENTENCE REDUCED.